UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TYMIKIA M. McCLARTY,** ) | **CASE NO. 1:12CV41** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| **MICHAEL J. ASTRUE,** ) | |
| **Comm'r of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

Having exhausted her administrative remedies, Plaintiff Tymikia McClarty now seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Social Security Commissioner's final decision denying her application for a Disability Benefit Period and Supplemental Security Income ("SSI"). (Doc #: 1). The case was referred to Magistrate Judge Kathleen B. Burke for preparation of a Report and Recommendation ("R&R"). *See* 28 U.S.C. § 636; Local Rule 72.2(b). The R&R recommends affirming the Commissioner's decision and dismissing the Plaintiff's complaint. (Doc #: 17). Plaintiff filed objections to the R&R. (Doc #:19).

Because the Commissioner applied the correct legal standards and reached a decision that was supported by substantial evidence, the Court will overrule Plaintiff's objections, adopt the R&R, affirm the Commissioner's decision, and dismiss the case.

I.

Plaintiff, who was 29 at the onset of her alleged disability, was born on August 7, 1978. At the time of Plaintiff's hearing she was living with her grandmother.  Plaintiff has no children of her own.  Her last-known job was in 2007 sorting newspapers at the Ohio News Bureau.

Plaintiff has previously filed for Social Security benefits.  As a child, she was awarded disability benefits based on mental retardation.  As an adult, she applied for SSI benefits twice before.   In 2000, she was denied benefits.  She applied a second time in 2004 and was awarded benefits with an onset date of October 7, 1999.  In 2005, following an investigation and a finding of fraud or similar fault, Plaintiff's benefits were terminated and she was found to have received overpayments in the amount of $26,000.

On June 11, 2009, Plaintiff filed her current application for SSI alleging disability since February 13, 2008.  Plaintiff alleged disability based on a liver tumor, pain in her left leg and right foot, nervous breakdowns, mental retardation, and depression. The state agency denied Plaintiff's claim and, upon reconsideration, affirmed its denial.  Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ").

An administrative hearing was held on May 5, 2011.  The hearing included testimony from Plaintiff, who was represented by counsel, her medical records, including the medical opinions of two consulting physicians and four reviewing physicians, the testimony of a medical expert, and testimony from an impartial vocational expert.  On June 23, 2011, the ALJ issued a decision denying Plaintiff's application. Plaintiff requested review of the ALJ's decision by the Appeals Council.  On December 5, 2011, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

The ALJ found that Plaintiff has severe impairments caused by obesity, depression, post-traumatic stress disorder, and learning disability.  The ALJ concluded that, in spite of these impairments, Plaintiff was not disabled because she had the "residual functional capacity" ("RFC") to perform medium work with some limitations: Plaintiff can only occasionally climb stairs and ramps and never ladders, ropes, or scaffolding; Plaintiff must avoid moderate exposure to unprotected heights and hazardous machinery.  The ALJ determined that Plaintiff should not work jobs that involve confrontation with people or strict production quotas and should have limited superficial interactions with coworkers and the public.  The ALJ determined that considering her age, education, work experience, and RFC, there are enough jobs in the national economy that the Plaintiff could perform.  In reaching these conclusions, the ALJ conducted a thorough review of the medical record including comparing the physicians' opinions and Plaintiff's testimony to the medical record.  The ALJ found that the opinion of Dr. Zerba, the consulting psychologist who examined Plaintiff at the request of the state agency, deserved little weight as it was inconsistent with the majority of the medical record.

Plaintiff, in her written objections, takes issue with the weight the ALJ gave to the medical opinions, the ALJ's credibility assessment, and the use of the credibility assessment in discrediting Dr. Zerba's opinions.  As to the weight given to the medical opinions, Plaintiff argues that the ALJ improperly gave more weight to the opinion of Dr. Junglas, a reviewing physician and a board-certified doctor in internal medicine, than to that of Dr. Zerba.  Plaintiff claims that Dr. Zerba's opinion is entitled to greater weight because, as a psychologist, she is a specialist and this  "case focused primarily on the extent of limitation resulting from Ms. McClarty's mental health and psychiatric problems." (Doc #:19 at 2).

Plaintiff further argues that the ALJ's credibility analysis was flawed and it was improper for the ALJ to discredit Dr. Zerba's opinion solely based on the credibility analysis of the plaintiff. Plaintiff relies on *Quattlebaum v. Comm'r of Soc. Sec.*, 850 F. Supp. 2d 763 (S.D. Ohio 2011), to support her position.

II.

Judicial review of the Commissioner's final decision is limited to determining whether the proper legal standards were applied and whether the findings of fact are supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Plaintiff contends that the ALJ's determinations are not supported by substantial evidence. (Doc. #: 19 at 3). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). If the ALJ's decision is based on substantial evidence, this court must affirm the ruling, even if there is substantial evidence supporting a different conclusion. *Lindsley v. Comm'r Soc. Sec.*, 560 F.3d 601, 604-05 (6th Cir. 2009).

A.

Plaintiff's first objection is to the weight the ALJ gave to the medical opinions. The ALJ gave greater weight to the opinion of Dr. Junglas, a board-certified specialist in internal medicine, who testified at the administrative hearing, than to the opinion of Dr. Zerba, a one-time consulting psychologist, who did not testify. Plaintiff contends that, pursuant to 20 C.F.R. § 416.927, Dr. Zerba's opinion should be given more weight because she was an examining physician and a specialist. (Doc. #: 19 at 2).

Pursuant to, 20 C.F.R § 416.927, the ALJ is required to "evaluate every medical opinion" based on a variety of factors including the treatment relationship, the medical basis for the opinion, and the consistency with the overall record. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010). In determining how much weight to give a medical opinion, the ALJ should determine the medical source's classification. There are three types of medical sources: treating sources, nontreating examining sources, and nonexamining reviewing sources. *Id.* On the spectrum of medical source classifications the most weight is generally—but not always—given to a treating source, less weight to an examining sources, and less still to a reviewing source. 20 C.F.R § 416.927; *see also Smith v. Comm'r Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). Dr. Jungles in this case is a reviewing source, and Dr. Zerba is a one time examining source.

Although, Plaintiff is correct in asserting that examining sources are generally given more weight, "it is not a *per se* error of law . . . for the ALJ to credit a nonexamining source over a nontreating source." *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x, 433, 439 (6th Cir. 2012). In fact any medical opinion, "even that of a treating source, may be rejected by the ALJ when the source's opinion is not well supported by medical diagnostics or if it is inconsistent with the record." *Id.* (citations omitted). Moreover, the ALJ is only required to explain its determination for treating sources, not for examining or reviewing sources. *Ealy*, 594 F.3d at 514.

The record shows that the ALJ considered the relevant factors in addressing the weight given to Dr. Zerba's testimony. (Tr. at 15-18). The ALJ concluded that Dr. Zerba's opinion as to Plaintiff's marked limitation was not consistent with either Dr. Junglas' opinion or the record

as a whole and was not reliable insofar as it was based on Plaintiff's subjective reports. (Tr. at 17). This conclusion is well supported because out of the six medical opinions provided in this case Dr. Zerba's was the only physician to conclude that Plaintiff's ability to work was markedly impaired. (Doc. #: 17 at 6-12). Even though the ALJ accorded Dr. Zerba's opinion less weight than the other doctors, the ALJ did agree with her assessment of post-traumatic stress disorder and learning disability, and accounted for these in the RFC assessment. (Tr. at 12, 15).

Plaintiff also argues that because Dr. Zerba was a specialist in psychology her testimony should be given more weight than that of Dr. Junglas. Although Plaintiff's contention that Dr. Zerba is a specialist is accurate, this does not mean that her opinion is automatically entitled to controlling weight. Instead, it is one of many factors to consider in deciding how much weight to give a medical opinion. 20 C.F.R § 416.927. In fact, the regulation provides that the ALJ should give more weight to an opinion consistent with the record as a whole. 20 C.F.R. § 416.927(c)(4). *See also Ison v. Comm'r of Soc. Sec.*, No.1:11CV470, 2012 WL 3113372, at *13 (S.D. Ohio July 31, 2012) ("It is the ALJ's function to resolve inconsistences and conflicts in the medical evidence."). As previously discussed, the ALJ considered the record as a whole and properly determined that Dr. Zerba's opinion was inconsistent with the record evidence. Even though Dr. Zerba is a specialist with respect to Plaintiff's mental impairments, the ALJ properly resolved the conflict in the medical evidence by giving her opinion little weight.

Accordingly, this Court concludes that the ALJ's determination that Dr. Zerba's opinion was entitled to little weight was reasonable and clearly supported by substantial evidence.

B.

Plaintiff's second objection is twofold.  First, she argues that the ALJ's credibility analysis was improper because the ALJ's decision failed to mention Plaintiff's mother's death.  Second, she contends the ALJ was wrong to discredit Dr. Zerba's opinion based solely on the credibility analysis of Plaintiff.

Plaintiff's first argument is without merit because the ALJ *did* address her mother's death.  The R&R also mentions this fact.

As to the credibility analysis, it is perfectly acceptable for an ALJ to consider the credibility of a claimant and even to discount the claimant's credibility where the claimant's testimony contradicts the medical record, as was the case here.  *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  An ALJ's credibility assessment shall be accorded great weight and deference, because the ALJ, unlike the reviewing court, has the opportunity to observe the claimant's demeanor and credibility.  *Id.*

Assessing the credibility of a claimant's subjective statements about impairment is a two-part process. *See* 20 C.F.R. § 416.929; Soc. Sec. Rul. 96-7p, 1996 SSR LEXIS 4 at *5 (1996). First, the ALJ must determine whether a claimant has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms the claimant alleges.  Soc. Sec. Rul. 96-7p at *5.  Second, the ALJ must evaluate the intensity and persistence associated with those symptoms to determine how those symptoms limit a claimant's ability to work.  *Id.* at *5-6. The ALJ must consider the objective medical record and other evidence, including: (1) daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effect of any

medication; (5) treatment received; (6) any measures used to relieve symptoms; and (7) other factors concerning functional limitations. *Calvin v. Comm'r of Soc. Sec.*, 437 F. App'x 370, 371 (6th Cir. 2011) (citing 20 C.F.R. § 404.1529(c) and Soc. Sec. Rul. 96-7p at *8).

The ALJ considered the entire record and, after conducting a thorough credibility analysis, determined that the Plaintiff's allegations were not credible and accorded her testimony little weight. (Tr. 13-18). The ALJ also considered findings of similar fault in both the current and past applications as well as the Plaintiff's criminal history, which includes crimes of dishonesty. (Tr. at 16-17). The ALJ also considered the inconsistencies between Plaintiff's own account of her symptoms and the medical record. (Tr. at 15, 17-18). The ALJ also considered her testimony as to her daily activities, including shopping, cooking, and taking care of herself. (Tr. at 14-15). The Magistrate Judge reviewed the ALJ's determination and the record itself and reached the same conclusion that the "Plaintiff's statements as to the severity of her mental and physical conditions were not consistent with the evidence in the file." (Doc #: 17 at 22).

Upon reviewing the record in its entirety it is clear that the ALJ and the magistrate properly considered the relevant factors and came to a thoroughly reasoned credibility analysis. Therefore, the ALJ's credibility analysis of the Plaintiff is supported by substantial evidence.

Plaintiff also argues that it was improper for the ALJ to discredit Dr. Zerba's opinion based on the credibility analysis alone. In support of this position Plaintiff relies on *Quattlebaum v. Commissioner of Social Security*, arguing that the present case is similar and stating that an "ALJ's credibility finding does not in itself justify the ALJ's decision to discredit

the medical opinions. . . ." 850 F. Supp. 2d at 784. The Plaintiff's reliance on *Quattlebaum* is misplaced.

The issue in *Quattlebaum* was whether the ALJ could discredit a medical opinion based on the credibility of the plaintiff alone. The district court, in *Quattlebaum*, held that, because the physician's opinion was based on both the plaintiff's subjective report and "psychological testing and clinical examinations," the ALJ could not discredit the opinion based on the credibility analysis alone. 850 F. Supp. 2d at 784. In the present matter, contrary to Plaintiff's assertion, the ALJ did not discredit Dr. Zerba's opinion based solely on the credibility analysis of Plaintiff. (Tr. at 17). As noted above, the ALJ determined that little weight should be accorded to Dr. Zerba's opinion because it was also contrary to the record and other medical opinions. (Id.). Accordingly, ALJ's credibility analysis and determination to give less weight to Dr. Zerba's opinion is supported by substantial evidence.

### III.

For the foregoing reasons, the Court concludes that the ALJ's decision regarding the weight given to the medical opinions, the ALJ's credibility analysis, and the decision to discredit Dr. Zerba's opinion were supported by substantial evidence. Accordingly, the Court overrules Plaintiff's objections, adopts the R&R, affirms the ALJ's decision, and dismisses the case.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster 2/12/13*
**Dan Aaron Polster**
**United States District Judge**